3-0-8-0-8-7-5. People in the state of Illinois, I believe, are Richard Leonard v. Raymond King, accounted by Peter Peresone. Counsel, you may proceed. Thank you, Your Honors. This is a peoria homicide case, and it's a second-stage PC dismissal. And pursuant to the policy of the state's attorney, the state always requests argument. This is a very straightforward case, and I'd be happy to answer any questions this court may have. Otherwise, I'd be resting on the brief. Any questions? Okay. Counsel. May it please the court. Counsel, as counsel said, this is a dismissal of a second-stage post-conviction petition. The defendant raises the sole issue of ineffective assistance of appellate counsel. Of course, the Strickland standard applies here. To get to the next level, he has to make a substantial showing of ineffective assistance of appellate counsel. Yet he argues that appellate counsel was ineffective because he failed to raise the issue of the ineffectiveness of trial counsel. He says that trial counsel should have filed a motion to substitute judge because the judge was prejudiced against him. He relies on his affidavit where he makes two claims that the trial judge had represented him in a prior criminal case and he was convicted of the offense of that case. And then they did not have a good attorney-client relationship. Those are the only two claims that he makes. So the defendant's argument is sort of three-fold, but I'd just like to cut right to the heart of the matter and state that the trial judge was not prejudiced in this case. The record clearly rebuts the defendant's argument. The judge hardly remembered the case. He didn't remember the defendant. There's no other showing that the trial judge was prejudiced against him. I cited the case from this court of People v. Sankster that was a similar case. The trial judge had been the defendant's counselor on two criminal cases. He was now the judge before the defendant in a different, separate criminal case. This court held that the trial judge did not have to refuse himself and that he could rely on sentencing on the cases where the defendant had been convicted of when he was the attorney for the defendant. I believe that, again, the facts and the law are well laid out in both briefs. If you don't have any questions, I will conclude my argument. Mr. Leonard, I have two questions. The first is the propriety of the procedure of having a motion to dismiss a judge or change a judge for alleged prejudice. Yes. And not hearing that motion prior to the trial. Does that pose any problem for you? No, it doesn't because the defendant had the obligation at the post-conviction hearing stage to show ineffective assistance of counsel. The burden is the defendant had to show an objective standard of reasonableness that his appellate counsel failed to meet that standard. And the second problem is the defendant had to show that there was a reasonable probability that but for this alleged error, the defendant's conviction or sentence would have been reversed. There's no evidence here that the conviction or the sentence was incorrect or that the trial judge acted improperly in any manner. So the burden on the defendant at that stage is to show those two prongs. However, if the record rebuts the defendant's argument, then the trial judge's order should be dismissed. And in this case, it does rebut the argument that even if the motion to file for substitution of judge had been entered, it would have been fruitless, it would have been futile because Judge Brandt wasn't prejudiced. He didn't even remember the defendant or representing him in that case. So the answer to your question is no, the trial judge was not prejudiced. Just because the defendant says so, he has to show some kind of ill will, animosity towards the defendant, and it's just not supported by the record. Okay, just by way of follow-up on my first question, is there not something wrong with the procedure which speaks to the integrity of the court proceeding here, where the defendant filed a motion to dismiss the judge for prejudice and the motion was not heard prior to trial? Right. At that point, the attorney has the decision whether to file the motion. That's not the defendant's decision. The defendant had counsel. If he wanted to waive counsel and proceed on his pro se motion, he was welcome to do that, but the defense attorney should not have to file a futile motion just to avoid a claim that he's being called ineffective. In this case, the record rebuts the defendant's claim that it's a post-conviction petition. How did the attorney know, how could he know, at the time of trial, that it was a futile motion? Because the trial judge showed no animosity, no ill will towards the defendant. Just by looking at the record, there's no indication that the trial judge was prejudiced against him, and that is the defendant's burden. Okay. My second question. In a post-conviction proceeding, do we take the allegations of the defendant as true, the well-plead allegations? That's at the first stage of the proceeding. Yes, you do. And then at the second stage of the proceedings, you take the defendant's statements as true. However, if those statements are rebutted by the record, then the defendant's statements are no longer considered true. Okay, so if the defendant makes affirmative representations about problems with the trial judge at the time the judge was his attorney, during his trial, and the trial judge's response is, I don't remember, how does that rebut? Because it's the defendant's burden to show some kind of ill will, animosity, and if he doesn't remember representing the defendant, he doesn't remember any conflict with the defendant, he can't be prejudiced against the defendant unless he shows some ill will, animosity. That's the defendant's burden. Of course, it would have been easy if the attorney just filed the motion and was denied, but then we wouldn't be here. But just on the law and the facts of this case, the defendant has failed to show ineffective assistance of appellate counsel. I believe the record does rebut the defendant's claim that the trial judge was prejudiced against him. The defendant only makes those two claims that he represented the defendant and he was convicted of that offense, and they did not have a good attorney-client relationship. It doesn't say the trial judge was prejudiced against me because we didn't get along or we had a feud or anything to that nature. I don't believe that that rises to the level where you have to have an evidentiary hearing. It's not as substantial as showing that the appellate counsel was ineffective, but I believe that that statement by the trial judge was enough to rebut the defendant's claims in this petition. Thank you. Counsel, thank you. Counsel. Just in response to your question, the defendant, his affidavit here says he told his attorney about it initially, and his attorney said, fine, I'll file a motion, and the attorney never filed a motion, and that is why the defendant filed a pro se motion, and it just kind of lingered there. And the day before sentencing, the judge became aware of it. He said, I noticed it, and he entered an order. I'm going to take judicial notice of that file, and then that's what he used at sentencing. So what we are asking for here, yes, you are correct, is simply the evidentiary hearing. Defendant's allegations that he told his attorney to file it and that he didn't file it, those must be taken to be true. Are there any other questions? And he took judicial notice of the pro se at sentencing? He took judicial notice of the case. This court's actually, this court's rule 23 order where he had represented, where he was defense counsel, and then he said the facts of that case are chilling, chillingly similar to this case, and then he used those public record facts, admittedly, to impose the sentence of natural life. But the question here is, you know, it's sort of like I could see it in evidentiary hearing, an argument being made that he was sort of taking on the role of a prosecutor. But I think that's a possibility. Anything further? No, Your Honor. Thank you both. We take this case under advisement and rule with dispatch, and we will take a recess to allow panel change.